This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    **No. A-1-CA-35791**

**ERIC HURBINA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**David N. Williams, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**M. ZAMORA, Chief Judge.**

**{1}**     Defendant was charged with one count of sexual exploitation of children (possession) and one count of sexual exploitation of children (distribution), contrary to NMSA 1978, Section 30-6A-3(A), (B) (2007, amended 2016), respectively. Concluding that Defendant's right to a speedy trial was violated, the district court entered an order granting Defendant's motion to dismiss the case. The State appeals, pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972). After a thorough review of the briefs, record proper,

the relevant case law, and the well-reasoned district court order,[1] we adopt the legal reasoning of the district court's final order dated July 26, 2016 and only briefly explain. We need not recite the facts of this case, since they are set forth in detail in the district court's thorough order. Because this is a memorandum opinion, familiarity with these facts is also assumed.

**{2}** "In analyzing [speedy trial] factors, we defer to the district court's factual findings that are supported by substantial evidence[.]" *State v. Flores*, 2015-NMCA-081, ¶ 4, 355 P.3d 81. "[B]ut we independently review the record to determine whether a defendant was denied his [or her] speedy trial right and we weigh and balance the *Barker* factors de novo." *Id.*

**{3}** The State first argues that the district court erred in concluding that this case is an "intermediate case" rather than a "complex case," because it involves thirty-six initial counts, forensic experts, nineteen reports written by seven different witnesses, and at least four state expert witnesses, requiring three or more days for trial. "We defer to the district court's finding of complexity," *State v. Ochoa*, 2017-NMSC-031, ¶ 15, 406 P.3d 505, as "[t]he question of the complexity of a case is best answered by a trial court familiar with the factual circumstances, the contested issues and available evidence, the local judicial machinery, and reasonable expectations for the discharge of law enforcement and prosecutorial responsibilities." *State v. Manzanares*, 1996-NMSC-028, ¶ 9, 121 N.M. 798, 918 P.2d 714. In raising this issue, however, the State does not contest the district court's conclusion that thirty-six months and twenty days elapsed between Defendant's arrest and trial setting, thereby triggering the balancing of the factors found in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Thus, the State's argument in this regard reflects an effort only to elongate the presumptively prejudicial timeframe from fifteen months for an intermediate case to eighteen months for a complex case. Even under the State's scenario, the length of delay remains twice as long as the presumptively prejudicial delay. In any event, and under our standard of review, we have no basis to reverse the district court's determination of intermediate complexity. Moreover, we agree with the district court's conclusion that this factor weighs heavily against the State. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶¶ 19-20, 65, 327 P.3d 1129 (concluding that the length of delay in a complex case weighed heavily against the state where it was twice as long as the length of delay considered to be presumptively prejudicial).

**{4}** Second, the State argues that the district court erred in classifying the nineteen-month period between February 5, 2015 and September 12, 2016 (the first possible reset trial date), as administrative delay and weighing it against the State, albeit slightly. The State argues that the district court should have weighed the administrative delay from the congested docket neutrally, given the time it took to resolve Defendant's various pre-trial motions in the State's favor. The district court ruled that the delay during this period resulted from a congested docket and overcrowded courts, not pending motions filed by Defendant. The district court's conclusion properly considered

1We note that the district court's twenty-six page order addressing the speedy trial issue was exceptionally detailed and thorough, which greatly enhanced this Court's ability to efficiently resolve the issues on appeal.

the State's diligence in preparing for trial and in requesting hearings and an earlier trial setting. We conclude that the district court's overall conclusion that the reasons for delay do not weigh heavily against the State is supported by substantial evidence, but we determine that there is no basis in the record to conclude that the period of time should be neutrally weighed. Even if we accept the State's calculation that only four months of the delay should weigh lightly against the State, and the remainder weighs neutrally or against Defendant, under our case law the outcome is the same in that this factor still weighs slightly against the State. *See State v. Garza,* 2009-NMSC-038, ¶¶ 26, 29, 146 N.M. 499, 212 P.3d 387 (holding that delays caused by administrative burdens such as an understaffed prosecutor's office and congested dockets weigh against the state); *accord Flores*, 2015-NMCA-081, ¶¶ 13, 30. *But see State v. Steinmetz*, 2014-NMCA-070, ¶ 47, 327 P.3d 1145 (concluding that where the defendant asked to vacate a hearing but did not attempt to reschedule a hearing on his outstanding motions, that period of time would weigh against the defendant). In this circumstance, and again under our standard of review, we have no basis to determine the district court's findings are erroneous, improper, or otherwise must be corrected in a manner that changes the outcome of this factor or Defendant's speedy trial claim.

**{5}** Third, the State argues that the district court should not have found that the "assertion of the right" factor should weigh in Defendant's favor "as much as it did" because the assertions were pro forma and Defendant otherwise contributed to the delay. The district court concluded, "after the matter was reassigned to Judge Argyres, Defendant objected to the October 2016 trial setting and asserted his right to a speedy trial frequently and forcefully." The court found that Defendant conceded that the delay caused by his motion to dismiss on double jeopardy grounds would count against him for speedy trial purposes, but also concluded there was no basis for finding that Defendant caused or acquiesced in "further delay," thus finding that this factor weighs in Defendant's favor. This finding is supported by substantial evidence in the record, and we have no basis to conclude differently than did the district court.

**{6}** Fourth, the State argues that the district court should not have weighed the fourth factor "slightly in Defendant's favor," because the "claimed prejudice cannot be considered 'particularized,' because it was expected and not particular to Defendant." The district court noted that Defendant's mother and girlfriend testified about the impact of the charges and the delay on Defendant. Specifically, Defendant's therapist wrote a letter stating that she has being doing "intensive work in addressing the stress, depression, and anxiety [Defendant] has suffered as a result of his legal issues being delayed," and that she has witnessed, "increased symptoms of anxiety, depression, and [P]ost [T]raumatic [S]tress [D]isorder, which ha[d] been exacerbated by his unresolved legal issues" including "increased symptoms of poor sleep, black and white thinking, perseveration, exaggerated startle response, nightmares, hyper vigilance, increased irritability and decreased pleasure as a result of the increased stress of his unresolved legal status." Moreover, the State "did not present evidence, nor did it demonstrate during cross-examination, that Defendant did not suffer these types of prejudice." The information is supported by evidence in the record. The district court correctly focused on "whether the anxiety and concern, once proved, has continued for an unacceptably

long period." *Salandre v. State*, 1991-NMSC-016, ¶ 32, 111 N.M. 422, 806 P.2d 562. We agree that it has, having continued for twice the time of what is presumptively prejudicial, and thus, agree this factor should weigh slightly in Defendant's favor.

**{7}** Finally, the State argues that the district court erred in balancing the factors, but rests primarily on the premise that Defendant did not make a showing of particularized prejudice. Because we have previously concluded that Defendant made a proper showing of particularized prejudice, we reject this argument. Unlike the defendant in *Steinmetz*, on which the State relies, the finding that Defendant has not "largely caused or contributed to almost all of the delay" in this case is supported by substantial evidence in this case. The district court weighed the factors as follows:

> The length of the delay is this case weighs heavily in Defendant's favor. While most of the delay is due to administrative delay caused by overburdened courts, it still weighs [lightly] in Defendant's favor as does Defendant's assertion of his right to a speedy trial. Finally the prejudice factor also weighs [slightly] in Defendant's favor. As all four factors weigh in his favor, the [c]ourt concludes that Defendant's speedy trial right was violated.

For the reasons stated herein, based upon our independent review of the record and weighing of the factors, and based substantially upon the reasons set forth in the district court order correctly interpreting and applying the pertinent law to the facts of this case, we affirm and hold that Defendant's appeal is not well-taken.

**CONCLUSION**

**{8}** We therefore affirm the district court's order granting Defendant's motion to dismiss on speedy trial grounds.

**{9}    IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**